**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARILYN LEE,<br><br>            Plaintiff - Appellant,<br><br>   v.<br><br>JOHN E. POTTER, United States<br>Postmaster General,<br><br>            Defendant - Appellee. | No. 08-17328<br><br>D.C. No. CV 07-0254-SBA<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted December 8, 2009 [**]
San Francisco, California

Before:  TASHIMA, GRABER, and BYBEE, Circuit Judges.

   Plaintiff Marilyn Lee appeals the summary judgment entered in favor of

Defendant United States Postmaster General John E. Potter.  On de novo review,

Dietrich v. John Ascuaga's Nugget, 548 F.3d 892, 896 (9th Cir. 2008), we affirm.

---

   [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   [**] The panel unanimously finds this case suitable for decision without oral
argument.  Fed. R. App. P. 34(a)(2).

1.  In a diversity case involving claims of employment discrimination under state law, we apply the burden-shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973).  Snead v. Metro. Prop. & Cas. Ins. Co., 237 F.3d 1080, 1093-94 (9th Cir. 2001).

(a)  Plaintiff failed to establish a prima facie case of retaliation because she was not subjected to an adverse employment action.  See Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 57 (2006).  The denial of Plaintiff's request for reassignment did not constitute an adverse employment action.  The move to supervisor was lateral; there was no termination, demotion, bad performance review, or refusal to promote.  In fact, the supervisory duties to which Plaintiff was assigned were objectively more desirable than the duties she had held as a secretary.  She received a cash award for her performance and received other leadership opportunities while working as a supervisor.

(b)  Further, Plaintiff failed to make out a prima facie case because the record does not establish a causal connection between her signing a petition and management's decision to keep her as a supervisor.  See Ray v. Henderson, 217 F.3d 1234, 1240 (9th Cir. 2000).  The two events occurred too far apart to allow an inference that they were related.  See Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001) (per curiam) (holding that temporal proximity between protected

2

activity and adverse employment action must be "very close" to make a prima facie case of retaliation). Nearly eighteen months elapsed between Plaintiff's signing a petition protesting certain management policies and the denial of her first request for reassignment. That length of time is not "very close" and, therefore, does not demonstrate causation. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1065 (9th Cir. 2002) (holding that an "18-month lapse between [a] protected activity and an adverse employment action is simply too long . . . to give rise to an inference of causation"). Moreover, the Inspector in Charge who denied Plaintiff's requests for reassignment had no retaliatory motive.

(c) Even if Plaintiff established a prima facie case, the record does not refute Defendant's legitimate and non-discriminatory reasons for refusing to grant her request for reassignment. See McDonnell Douglas Corp., 411 U.S. at 802 (discussing pretext). Plaintiff was performing well in the supervisory role. Management kept her in that role because of her superior performance and excellent management skills. If she were removed, it would have been hard to find a suitable replacement. Moreover, her old job had been filled.

2. The district court did not abuse its discretion in ruling on the motion for summary judgment without holding oral argument. A district court is not required to hold a hearing before granting summary judgment. See Mahon v. Credit Bureau

3

of Placer County Inc., 171 F.3d 1197, 1200 (9th Cir. 1999). Plaintiff does not explain what other arguments she would have raised to supplement her already ample briefing before the district court.

AFFIRMED.